Michael G. Goldberg
Felicity S. Kohn
Abla S. Belhachmi
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZELOUF INTERNATIONAL CORP., | |
| Plaintiff, | Civil Case No. _____ |
| -against- | **COMPLAINT** |
| BELK, INC., J.C. PENNEY COMPANY, INC., MACY'S, INC., NORDSTROM, INC., RUE GILT GROUPE, INC., THE TJX COMPANIES, INC. d/b/a "Marshalls" and "T.J. Maxx," ZG APPAREL GROUP LLC, | **<u>DEMAND FOR JURY TRIAL</u>** |
| Defendants. | |

Plaintiff Zelouf International Corp. ("<u>Zelouf</u>" or "<u>Plaintiff</u>"), by its attorneys, Pryor Cashman LLP, as and for its Complaint against Belk, Inc. ("<u>Belk</u>"), J.C. Penney Company, Inc. ("<u>JCPenney</u>"), Macy's, Inc. ("<u>Macy's</u>"), Nordstrom, Inc. ("<u>Nordstrom</u>"), Rue Gilt Groupe, Inc. ("RueLaLa"), The TJX Companies, Inc. d/b/a "Marshalls" and "T.J. Maxx" ("<u>TJX</u>") (together, the "Retailer Defendants"), and ZG Apparel Group, LLC ("<u>ZG Apparel</u>") (collectively with Retailer Defendants, the "<u>Defendants</u>") alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is an action for willful copyright infringement. Zelouf has long been engaged in the business of designing, manufacturing and selling textile fabrics, and is widely recognized in the garment industry for its unique and beautiful fabric designs.

2.      ZG Apparel is an apparel company that sells branded and private label apparel through, upon information and belief, its own online channels and through retailers. ZG Apparel touts on its website that it "guid[es] the entire process from initial concept to finished product."

3.      Zelouf and ZG Apparel had a long-standing business relationship whereby Zelouf sold its original, copyrighted fabric designs to ZG Apparel for its various garment lines. ZG Apparel regularly ordered fabric samples from Zelouf, and also regularly frequented Zelouf's showroom in search of fabric designs for its garments, often leaving with samples of designs that had caught its designers' attention while there. Likewise, Zelouf regularly visited ZG Apparel's offices, bringing portfolios of artworks as well as model garments with them.

4.      Zelouf recently discovered that ZG Apparel has betrayed their longstanding business relationship.  Under the guise of business interest, ZG Apparel requested from Zelouf samples, swatches, headends, as well as computer-aided design ("CAD") files, of dozens of Zelouf's copyrighted designs. Additionally, ZG Apparel would ask Zelouf to print certain sample yardage for them, which is an extremely expensive process for which ZG Apparel did not pay, and which Zelouf undertook in good faith assuming the cost would be mitigated by ZG Apparel's forthcoming orders.  ZG Apparel also requested that Zelouf modify and alter certain of its designs. However, after receiving Zelouf's fabric, swatches and artwork, ZG Apparel did not follow through and place orders for fabric bearing the various designs.

5.      Zelouf was at a loss to understand why, after such extensive sampling by ZG Apparel, which was both extraordinarily costly and time-consuming, it had not received actual orders for fabric.  It was particularly puzzling given that Zelouf was aware ZG Apparel did substantial business and that, based on its garments, its aesthetic aligned with Zelouf's.

6.      Zelouf recently came to learn precisely what had occurred when it began seeing identical and nearly identical fabric designs to those ZG Apparel had sampled on apparel being sold by ZG Apparel, including through the Retailer Defendants.

7.      Specifically, after obtaining samples of desirable fabric designs from Zelouf (which Zelouf purchased and/or invested time and resources in designing), ZG Apparel elected to instead take those designs and have the fabric manufactured  by other companies for less money to increase its own profit margins, without Zelouf's authorization and with no compensation to Zelouf for the wholesale theft of its copyrighted works. Upon information and belief, this is a pattern that has continued for years but was only recently discovered by Zelouf.

8.      Despite lacking permission to reproduce Zelouf's designs, upon information and belief, ZG Apparel continues to sell dresses featuring Zelouf's copyrighted designs on its own online platforms, including upon information and belief, ShopJuliaJordan.com, and to various retailers, including the Retailer Defendants.

9.      Defendants' actions have caused and are continuing to cause immediate, long-lasting and irreparable harm to Zelouf.

10.      To redress the harm that Defendants are causing to Plaintiff, Plaintiff brings claims for copyright infringement under the Copyright Act of 1976. Plaintiff seeks injunctive and monetary relief on account of Defendants' egregious and willful activities, including actual damages and losses, statutory damages, attorneys' fees and costs.

## PARTIES

11.      Zelouf is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the city and county of New York.

12.      Upon information and belief, ZG Apparel is a limited liability company

organized and existing under the laws of the State of New York, with a principal place of business in the city and county of New York.  Upon information and belief, ZG Apparel does business as Studio 1, Inc.

13.    Upon information and belief, Belk is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Charlotte, North Carolina. Belk is a department store selling, *inter alia*, apparel online and through its brick-and-mortar stores located throughout the United States, with its stores largely concentrated in the Southeast US.

14.    Upon information and belief, JCPenney is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Plano, Texas. JCPenney is a department store selling, *inter alia*, apparel online and through its brick-and-mortar stores located throughout the United States.

15.    Upon information and belief, Macy's is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in the city and county of New York. Macy's is a department store selling, *inter alia*, apparel online and through its brick-and-mortar stores located throughout the United States.

16.    Upon information and belief, Nordstrom is a corporation organized and existing under the laws of the State of Washington, with a principal place of business in Seattle, Washington. Nordstrom is a department store selling, *inter alia*, apparel online and through its brick-and-mortar stores located throughout the United States.

17.    Upon information and belief, RueLaLa is a corporation organized and existing under the laws of Delaware, with a principal place of business in Boston, Massachusetts. RueLaLa is an online retailer selling, *inter alia*, women's apparel.

18.     Upon information and belief, TJX is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Framingham, Massachusetts. TJX is a corporation operating various off-price department stores, including Marshalls and T.J. Maxx, and selling, *inter alia*, apparel online and through its brick-and-mortar stores located throughout the United States.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over the copyright claims in this Complaint pursuant to 28 U.S.C. § 1338 and 17 U.S.C. §§ 101 *et seq*.

20.     This Court has personal jurisdiction over ZG Apparel because, upon information and belief, ZG Apparel is a New York limited liability company, with its principal place of business in New York.  Furthermore, this Court has personal jurisdiction over all Defendants because, upon information and belief, Defendants transact business in New York, the claims at issue arise out of such transaction of business and/or supplying goods and services directed to consumers residing in New York, and/or the Defendants have engaged in infringing acts outside of New York causing injury to Plaintiff in New York and/or regularly do or solicit business in New York and/or derive substantial revenue from goods used or services rendered in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is transacting business and committing tortious acts within the State of New York and this Judicial District.

## FACTS

22.     Over the past four decades Zelouf, a family-owned business, has engaged

in the design, manufacture, importation, and sale of textile fabrics, and has a well-earned reputation as a leading supplier of high-quality fabrics bearing original and distinctive textile designs.

23.    ZG Apparel and Zelouf had a long-standing business relationship whereby ZG Apparel regularly purchased quantities of fabric bearing copyrighted textile designs from Zelouf to manufacture garments, particularly women's dresses, under, *inter alia*, the brands Studio 1, Donna Ricco, Julia Jordan, Sandra Darren, and Robbie Bee, which it in turn sold to various retailers.  In order to determine which fabrics it desired to order, ZG Apparel often sampled Zelouf's fabrics for consideration.

24.    Zelouf spent tens if not hundreds of thousands of dollars in the last year alone providing samples, sample yardage and other materials bearing its designs to ZG Apparel, at ZG Apparel's request.

25.    Through this course of conduct, ZG Apparel had access to – and actually received – samples from Zelouf of all but one of the 17 Zelouf designs it is alleged in the Complaint to have infringed (the "Infringed Designs").

26.    ZG Apparel then produced fabric bearing the Infringed Designs, or substantially similar designs, using alternative fabric suppliers (the "Infringing Fabric"), manufactured apparel from the Infringing Fabric (the "Infringing Garments"), and then sold and distributed the Infringing Garments to the Retailer Defendants, all without Zelouf's knowledge or authorization.  The Retailer Defendants then offered the Infringing Garments for sale and sold them without authorization to end consumers.

27.    To make matters far worse, upon information and belief, in many instances ZG Apparel used fabric sampled from Zelouf to manufacture garments which were then pictured on the websites of the Retailer Defendants, who then shipped Infringing Garments comprised of

6

substantially similar Infringing Fabric which had been purchased elsewhere. Such conduct, among other things, concedes the issue of substantial similarity, since ZG Apparel and the Retailer Defendants believed that customers who purchased garments comprised of the Zelouf fabric would not have noticed the difference when an Infringing Garment bearing the Infringing Fabric was delivered to fulfill the order.

**Infringing Design 1: Copyrighted Design A0194**

28.    Zelouf Design A0194 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

29.    Design A0194 was duly registered by Zelouf for copyright protection in the United States Copyright Office with the Title "A0194" under Registration Number VA 2-371-545 issued on September 6, 2023 (the "A0194 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0194 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 1.

30.    The copyright in Design A0194 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to that copyright.

31.    Zelouf sent a CAD print of a derivative of Design A0194, which was very similar to the original design, to ZG Apparel.

32.    ZG Apparel never ordered the sampled design from Zelouf.

33.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is substantially similar to the sampled design (and thus to Design A0194) ("Infringing Design 1"), which was sold at least through Macy's and T.J. Maxx. Archived screen captures of the infringing listings are annexed hereto as Exhibit 2. Infringing Design 1 was purchased and shipped to New York from Macy's and, upon information and belief, from T.J. Maxx

34.    Images of Design A0194, the sampled design, and Infringing Design 1 are set forth below:

| Zelouf Design A0194 | Zelouf Sampled Design | ZG Apparel Infringing Design 1 (As Shown on Macy's Website) |
|:---:|:---:|:---:|

35.    Upon information and belief, following ZG Apparel's access to Design A0194, and without Zelouf's knowledge or authorization, ZG Apparel commissioned the production of fabric bearing Infringing Design 1, and then manufactured, distributed and sold garments bearing Infringing Design 1.

**Infringing Design 2: Copyrighted Design P3328**

36.    Zelouf Design P3328 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

37.    Design P3328 was duly registered for copyright protection in the United

States Copyright Office with the Title "P3328" under Registration Number VA 2-435-913 issued on March 4, 2025 (the "P3328 Copyright"). The Copyright Registration Certificate, along with a copy of Design P3328 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 3.

38.     The copyright in Design P3328 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to that copyright.

39.     On or about June 4, 2024, ZG Apparel ordered samples of fabric bearing Design P3328 from Zelouf, as memorialized in Sales Order No. 344579, a true and correct copy of which is attached hereto as Exhibit 4.[1]

40.     Accordingly, ZG Apparel had access to Design P3328 through its receipt of fabric samples.

41.     ZG Apparel never ordered Design P3328 from Zelouf.

42.     However, ZG Apparel's Donna Ricco line included a dress whose fabric is nearly identical, and in any event substantially similar, to Design P3328 ("Infringing Design 2"). Infringing Design 2 was sold at least through Macy's. An archived screen capture of the infringing listing is attached hereto as Exhibit 5. Infringing Design 2 was purchased from Macy's and shipped to New York.

43.     As offered for sale online at least at Macy's, the fabric of Infringing Design 2 was identical to sampled Design P3328, as shown below:

---

[1] The relevant entries on the attached sales orders are highlighted for the Court's convenience.

**Zelouf Design P3328**

**ZG Apparel Infringing Design 2
(As Shown on Macy's Website)**




44.    Upon information and belief, the garment shown in the image of Infringing Design 2 above was manufactured from the fabric ZG Apparel purchased from Zelouf, as memorialized in Sales Order No. 344579 (Exhibit 4 above).

45.    Upon information and belief, following ZG Apparel's access to Design P3328, and without Zelouf's knowledge or authorization, ZG Apparel commissioned the production of fabric bearing Infringing Design 2 (which is substantially similar to Zelouf Design P3328), and then manufactured, distributed and sold garments bearing Infringing Design 2.

46.    ZG Apparel's shipment of Infringing Design 2 in place of fabric identical to Zelouf's Design P3328, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 2 is substantially similar to P3328.

47.    As of the date of this Complaint, Infringing Design 2 is still available at Macy's. *See* https://www.macys.com/shop/product/donna-ricco-womens-floral-print-tiered-maxi-dress?ID=21043129.

**Infringing Design 3: Copyrighted Design 24803**

48.    Zelouf Design 24803 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

49.    Design 24803 was duly registered for copyright protection in the United States Copyright Office with the Title "24803" under Registration Number VAu 1-324-843 issued on January 25, 2018 (the "24803 Copyright"). The Copyright Registration Certificate, along with a copy of Design 24803 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 6.

50.    The copyright in Design 24803 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to that copyright.

51.    Zelouf thereafter independently created the design entitled "P2014" – a derivative work of Design 24803 (hereinafter "Design P2014") with minimal variations.  Images of Zelouf Design P2014 and Zelouf Design 24803 are set forth below:

      

**Zelouf Design 24803**              **Zelouf Design P2014**

52.    On or about May 4, 2023, May 10, 2023, and March 26, 2024, ZG Apparel ordered samples of fabric bearing Design P2014 from Zelouf, as memorialized in Sales Order Nos.

319744, 319988 and 338940, respectively, true and correct copies of which are attached hereto as Exhibit 7.

53.     Accordingly, ZG Apparel had access to Design P2014 through its receipt of these fabric samples.

54.     In addition to asking questions about the scale, layout, and color of this design, ZG Apparel also requested pricing for it as well.

55.     Yet ZG Apparel never ordered Design P2014 or Design 24803 from Zelouf.

56.     However, ZG Apparel's Donna Ricco line included a dress whose fabric is nearly identical to, and in any event substantially similar to, the fabric sample bearing Design P2014 and to copyrighted Design 24803 ("Infringing Design 3"). Infringing Design 3 was sold at least through Macy's, Marshalls and T.J. Maxx, from which, upon information and belief, it was shipped to New York. Archived screen captures of the infringing listings are annexed hereto as Exhibit 8.

57.     In at least certain instances, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to sampled Design P2014, as set forth below:

| **Zelouf Copyrighted Design 24803** | **Zelouf Design P2014** | **ZG Apparel Infringing Design 3 (As Shown on Macy's Website)** |
|---|---|---|

  

58.    Upon information and belief, the garment shown in the image of Infringing Design 3 above was manufactured from fabric purchased from Zelouf, as memorialized in Sales Order Nos. 319744, 319988 and 338940 (Exhibit 7 above).

59.    Following ZG Apparel's access to P2014, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 3 (which is substantially similar to both copyrighted Designs 24803 and P2014), all without Zelouf's authorization.

60.     ZG Apparel's shipment of Infringing Design 3 in place of fabric identical to Zelouf's Design P2014, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 3 is substantially similar to P2014 (and thus to Design 24803 as well).

61.    As of the date of this Complaint, Infringing Design 3 is still available at

Marshalls. *See* https://www.marshalls.com/us/store/jump/product/women-women-clothing-dresses/Sleeveless-Floral-Midi-

Dress/4000312808?colorId=NS4155368&pos=4:4&N=1499979199.

**Infringing Design 4: Copyrighted Design P0554**

62.     Zelouf Design P0554 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

63.     Design P0554 was duly registered for copyright protection in the United States Copyright Office with the Title "P0554" under Registration Number VA 2-371-360 issued on June 20, 2023 (the "P0554 Copyright"). The Copyright Registration Certificate, and a copy of Design P0554, are collectively annexed hereto as Exhibit 9.

64.     The copyright in Design P0554 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

65.     On or about May 24, 2022, ZG Apparel ordered samples of fabric bearing Design P0554 from Zelouf in the Coral-Ivory-Blue colorway , as memorialized in Sales Order No. 302733, a true and correct copy of which is attached hereto as Exhibit 10.  Accordingly, ZG Apparel had access to Design P0554 through its receipt of the fabric samples.

66.     For this design, too, ZG Apparel requested details about the fabric and its care, as well as pricing information.

67.     Yet again, ZG Apparel never ordered Design P0554 from Zelouf.

68.     However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to Design P0554 ("Infringing Design 4"). Infringing Design 4 was sold or marketed at least through ShopJuliaJordan.com, Macy's, and Nordstrom, from which, upon information and belief, it was shipped to New York. Archived

screen captures of the infringing listings are annexed hereto as Exhibit 11.[2]

69.    In at least certain instances, the image of the fabric offered for sale online was identical to sampled Design P0554, as shown below:

**Zelouf Design P0554**
**(Coral-Ivory-Blue Colorway)**   **ZG Apparel Infringing Design 4**
**(As Shown on Macy's Website)**

  

70.    Upon information and belief, the garment shown in the image of Infringing Design 4 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order No. 302733 (Exhibit 10 above).

71.    Following ZG Apparel's access to P0554, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing

---

[2] At one point this garment was also sold at Nordstrom.  However, it is no longer available at Nordstrom and no screen capture is included in Ex. 11.

Design 4 (which is substantially similar to P0554), all without Zelouf's authorization.

72.    ZG Apparel's shipment of Infringing Design 4 in place of fabric identical to Zelouf's Design P0554, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 4 is substantially similar to P0554.

73.    As of the date of this Complaint, Infringing Design 4 is still available on ShopJulianJordan.com. *See* https://shopjuliajordan.com/products/dress-jj39296.

**Infringing Design 5: Copyrighted Design A0098**

74.    Zelouf Design A0098 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

75.    Design A0098 was duly registered for copyright protection in the United States Copyright Office with the Title "A0098" under Registration Number VAu 1-471-670 issued on May 31, 2022 (the "A0098 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0098 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 12.

76.    Zelouf thereafter created the design entitled "P0722" – a derivative work of Design A0098 (hereinafter "Design P0722") with minimal variations. Images of Zelouf Design A0098 and Zelouf Design P0722 are set forth below:





**Zelouf Design A0098**                    **Zelouf Design P0722**

77.     The copyright in Design A0098 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

78.     On or about May 23, 2022, ZG Apparel ordered samples of fabric bearing Design P0722 from Zelouf, as memorialized in Sales Order No. 302660, a true and correct copy of which is attached hereto as Exhibit 13.

79.     Accordingly, ZG Apparel had access to Design P0722 through its receipt of the fabric samples.

80.     ZG Apparel never ordered Design P0722 or A0098 from Zelouf.

81.     However, ZG Apparel's Donna Ricco line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric bearing Design P0722 and copyrighted Design A0098 ("Infringing Design 5"). Infringing Design 5 was sold at least through Nordstrom, from which it was shipped to New York. An archived screen capture of the infringing online listing is annexed hereto as Exhibit 14.

82.     At least on the Nordstrom website, the image of the fabric offered for sale online was <u>identical</u> to sampled Design P0722, as shown below:



| **Zelouf Copyrighted Design A0098** | **Zelouf Design P0722** | **ZG Apparel Infringing Design 5 (As Shown on Nordstrom's Website)** |

**Close-Up Photo of Infringing Design 5**

83.     Upon information and belief, the garment shown in the image of Infringing Design 5 above was manufactured from fabric purchased from Zelouf as memorialized in Sales Order No. 302660 (Exhibit 13 above).

84. Following ZG Apparel's access to P0722, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 5 (which is substantially similar to P0722), all without Zelouf's authorization.

85. ZG Apparel's shipment of Infringing Design 5 in place of fabric identical to Zelouf's Design P0722, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 5 is substantially similar to P0722 (and thus to A0098 as well).

**Infringing Design 6: Copyrighted Design 27128**

86. Zelouf Design 27128 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

87. Design 27128 was duly registered for copyright protection in the United States Copyright Office with the Title "27128" under Registration Number VA 2-433-339 issued on February 12, 2025 (the "27128 Copyright"). The Copyright Registration Certificate, along with a copy of Design 27128 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 15.

88. The copyright in Design 27128 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

89. On or about March 18, 2024, ZG Apparel ordered samples of fabric bearing Design 27128 from Zelouf, as memorialized in Sales Order No. 338133, a true and correct copy of which is attached hereto as Exhibit 16.

90. Accordingly, ZG Apparel had access to Design 27128 through its receipt of the fabric samples.

91. ZG Apparel also repeatedly asked for pricing information regarding this

design, including asking for a lower price from Zelouf.

92.     But ZG Apparel never ordered Design 27128 from Zelouf.

93.     However, ZG Apparel's Donna Ricco line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design 27128 ("Infringing Design 6"). Infringing Design 6 was sold at least through Belk and Macy's, from which it was shipped to New York. Archived screen captures of the infringing listings are annexed hereto as Exhibit 17.

94.     In at least certain instances, the fabric offered for sale online by ZG Apparel's retailers was identical to sampled Zelouf Design 27128, as set forth below:

| Zelouf Copyrighted Design 27128 | ZG Apparel Infringing Design 6 (As Shown on Macy's Website) |
|---|---|
|  |  |

95.     Upon information and belief, the garment shown in the image of Infringing Design 6 above was manufactured from fabric purchased from Zelouf as memorialized in Sales Order No. 338133 (Exhibit 16 above).

96.     Following ZG Apparel's access to Zelouf Design 27128, upon information

and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 6 (which is substantially similar to Zelouf Design 27128), all without Zelouf's authorization.

97.    ZG Apparel's shipment of Infringing Design 6 in place of fabric identical to Zelouf's Design 27128, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 6 is substantially similar to 27128.

98.    As of the date of this Complaint, Infringing Design 6 is still available at Belk    and    Macy's.    *See*    https://www.belk.com/p/donna-ricco-womens-dresses/1501363DR53045.html?cm_mmc=EMLTRX-EMAIL_OrderInfo_ORDER_CONFIRMATION_nv1-Product+Link&emailid=cm1ydXNzbzE4QGdtYWlsLmNvbQ==&et_cid=81345476&et_rid=930934273&linkid=Product+Link&ogmap=EM%7ctransactional%7cSF%7c%7c%7c%7c%7c%7cEMAIL_OrderInfo_ORDER_CONFIRMATION_nv1&ogemid=930934273&ogemh=9e430a547e6657e74f41c6080c5b489f965e2f81987cf3729ae61b9d9be5406f; https://www.macys.com/shop/product/donna-ricco-womens-floral-jacquard-midi-dress?ID=21042822&cm_mmc=OpsEmail-_-240_order_confirmation-_-21042822-_-MB&m_sc=em&m_sb=OpsEmail&m_tp=1C&m_cn=240_order_confirmation&m_pi=MB&m_l=21042822&m_s=OES-UOP2401CMCOM030625&cm_lm_mo64=emVsb3VmZmFicmljljc0BnbWFpbC5jb20=.

**Infringing Designs 7 & 8: Copyrighted Design A0320**

99.    Zelouf Design A0320 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

100.    Design A0320 was duly registered for copyright protection in the United

States Copyright Office with the Title "A0320" under Registration Number VAu 1-514-493 issued

on November 6, 2023 (the "A0320 Copyright"). The Copyright Registration Certificate, along

with a copy of Design A0320 submitted as a specimen to the Copyright Office, are collectively

annexed hereto as Exhibit 18.

101.    The copyright in Design A0320 is presently valid and subsisting, and Zelouf

is the sole owner and proprietor of all right, title and interest in and to this copyright.

102.    Zelouf thereafter independently created the design entitled "P3082" – a

derivative work of Design A0320 (hereinafter "Design P3082") with minimal variations.  Images

of Zelouf Designs A0320 and P3082, in Blue-White and Camel-White colorways, are set forth

below:



**Zelouf Design A0320**          **Zelouf Design P3082**          **Zelouf Design P3082**

                                 **(Blue-White Colorway)**        **(Camel-White Coloway)**

103.    On or about April 12, 2024, ZG Apparel ordered samples of fabric bearing

Design 3082, in both the Blue-White and Camel-White colorways, from Zelouf, as memorialized

in Sales Order No. 340303, a true and correct copy of which is attached hereto as Exhibit 19.

104.    Accordingly, ZG Apparel had access to Design P3082 through its receipt of

the fabric samples.

105.    ZG Apparel also requested detailed information about the fabric and requested a price as well.

106.    Yet ZG Apparel never ordered Design P3082 or Design A0320 from Zelouf.

107.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P3082 in the Camel-White and Blue-White colorways and to Design A0320 ("Infringing Design 7" and "Infringing Design 8," respectively). Infringing Design 7 was sold at least through Belk and Macy's, from which, upon information and belief, it was shipped to New York. Infringing Design 8 was sold at least through Nordstrom, from which, upon information and belief, it was shipped to New York.   Archived screen captures of the infringing listings are annexed hereto as Exhibit 20.

108.    In at least certain instances, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to sampled Design P3082 in the Blue-White and Camel-White colorways, as set forth below:



**Zelouf Copyrighted Design A0320**

**Zelouf Design P3082**

**ZG Apparel Infringing Design 7 (As Shown on Belk's Website)**







**(Camel-White Colorway)**



**ZG Apparel Infringing Design 8 (As Shown on Nordstrom's Website)**



**(Blue-White Colorway)**

109.    Upon information and belief, the garments shown in the images of Infringing Designs 7 and 8 above were manufactured from fabric purchased from Zelouf as memorialized in Sales Order No. 340303 (Exhibit 19 above).

110.    Following ZG Apparel's access to P3082, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Designs 7 and 8 (which are substantially similar to P3082), all without Zelouf's authorization.

111.    ZG Apparel's shipment of Infringing Designs 7 and 8 in place of fabric identical to Zelouf's Design P3082, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Designs 7 and 8 are substantially similar to P3082 (and thus to A0320 as well).

112.    As of the date of this Complaint, Infringing Design 7 is still available at Belk. *See* https://www.belk.com/p/julia-jordan-womens-dresses/1501363JJ40757.html.

113.    As of the date of this Complaint, Infringing Design 8 is still available at Nordstrom. *See* https://www.nordstrom.com/s/paisley-floral-tiered-maxi-dress/8156181.

**Infringing Design 9: Copyrighted Design A0196**

114.    Zelouf Design A0196 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

115.    Design A0196 was duly registered for copyright protection in the United States Copyright Office with the Title "A0196" under Registration Number VA 2-371-548 issued on September 6, 2023 (the "A0196 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0196 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 21.

116.    The copyright in Design A0196 is presently valid and subsisting, and Zelouf

is the sole owner and proprietor of all right, title and interest in and to this copyright.

117.    Zelouf thereafter independently created the design entitled "P1681" – a derivative work of Design A0196 (hereinafter "Design P1681") with minimal variations. Images of Zelouf Designs A0196 and P1681 are set forth below:


**Zelouf Design A0196**


**Zelouf Design P1681**

118.    On or about February 2, 2023, ZG Apparel ordered samples of fabric bearing Design P1681 from Zelouf, as memorialized in Sales Order No. 314668, a true and correct copy of which is attached hereto as Exhibit 22.

119.    Accordingly, ZG Apparel had access to Design P1681 through its receipt of the fabric samples.

120.    ZG Apparel never ordered Design P1681 or A0196 from Zelouf.

121.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P1681 and to Design A0196 ("Infringing Design 9"). Infringing Design 9 was sold at least through Belk, ShopJuliaJordan.com, Macy's and Nordstrom, from which, upon information and belief, it was

shipped to New York. Archived screen captures of the infringing listings are annexed hereto as

<u>Exhibit 23</u>.

122.    In at least certain instances, the image of the fabric offered for sale online

by ZG Apparel's retailers was <u>identical</u> to sampled Design P1681, as set forth below:

| Zelouf Copyrighted Design A0196 | Zelouf Design P1681 | ZG Apparel Infringing Design 9 (As Shown on Belk's Website) |
|---|---|---|

  

123.    Upon information and belief, the garment shown in the image of Infringing

Design 9 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales

Order No. 314668 (Exhibit 22 above).

124.    Following ZG Apparel's access to P1681, upon information and belief, ZG

Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing

Design 9 (which is substantially similar to P1681), all without Zelouf's authorization.

125.    ZG Apparel's shipment of Infringing Design 9 in place of fabric identical to Zelouf's Design P1681, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 9 is substantially similar to P1681 (and thus to A0196 as well).

126.    As of the date of this Complaint, Infringing Design 9 is still available at Belk and Nordstrom. *See* https://www.belk.com/p/julia-jordan-womens-dresses/1501363JJ40869.html; https://www.nordstrom.com/s/abstract-floral-cocktail-dress/8188851?color=NAVY+MULTI&size=12&country=US&currency=USD&utm_source=google&utm_medium=organic&utm_campaign=seo_shopping&utm_channel=low_nd_seo_shopping&srsltid=AfmBOopcJ_nO9K-xjw0hXKb_jsXy-eDPb1T5WypLPRi7ACtvjbGWKa0MzIY&gQT=1.

**Infringing Design 10: Copyrighted Designs A0236 & P1950**

127.    Zelouf Design A0236 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

128.    Design A0236 was duly registered for copyright protection in the United States Copyright Office with the Title "A0236" under Registration Number VA 2-351-873 issued on June 15, 2023 (the "A0236 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0236 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 24.

129.    Zelouf thereafter created the design entitled "P1950" – a derivative work of Design A0236 (hereinafter "Design P1950") with minimal variations, which was duly registered for copyright protection in the United States Copyright Office with Title "P1950" under

Registration Number VA 2-439-068 issued on March 25, 2025. The Copyright Registration Certificate, along with a copy of Design P1950 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 25.  Images of Zelouf Designs A0236 and P1950 are set forth below:





**Zelouf Design A0236**                    **Zelouf Design P1950**

130.    The copyrights in Designs A0236 and P1950 are presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to these copyrights.

131.    On or about June 4, 2024, ZG Apparel ordered samples of fabric bearing Design P1950 from Zelouf, as memorialized in Sales Order No. 344579, a true and correct copy of which is attached hereto as Exhibit 26.

132.    Accordingly, ZG Apparel had access to Design P1950 through its receipt of the fabric samples.

133.    ZG Apparel never ordered Design P1950 or A0236 from Zelouf.

134.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P1950 ("Infringing Design 10"). Infringing Design 10 was sold at least through Belk and Macy's, from which, upon information and belief, it was shipped to New York. Archived screen captures of the infringing listings are annexed hereto as Exhibit 27.

135.    In at least certain instances, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to sampled Design P1950, as set forth below:



| **Zelouf Copyrighted Design A0236** | **Zelouf Copyrighted Design P1950** | **ZG Apparel Infringing Design 10 (As Shown on Belk's Website)** |





136.    Upon information and belief, the garment shown in the image of Infringing Design 10 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order No. 344579 (Exhibit 26 above).

137.    Following ZG Apparel's access to P1950, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 10 (which is not identical but substantially similar to P1950), all without Zelouf's authorization.

138.    ZG Apparel's shipment of Infringing Design 10 in place of fabric identical to Zelouf's Design P1950, as shown in the online listings of certain of its retailers, constitutes an

admission by ZG Apparel that Infringing Design 10 is substantially similar to P1950 (and thus to A0236 as well).

139.    As of the date of this Complaint, Infringing Design 10 is still available at Belk and Macy's. *See* https://www.belk.com/p/julia-jordan-womens-dresses/1501363JJ40867.html?dwvar_1501363JJ40867_color=125466241931&dwvar_1501363JJ40867_color=125466241931&dwvar_1501363JJ40867_color=125466241931&dwvar_1501363JJ40867_color=125466241931; https://www.macys.com/shop/product/julia-jordan-womens-floral-print-belted-sleeveless-midi-dress?ID=20748438.

**Infringing Design 11: Copyrighted Design 13221**

140.    Zelouf Design 13221 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

141.    Design 13221 was duly registered for copyright protection in the United States Copyright Office with the Title "13221" under Registration Number VAu 1-292-282 issued on August 31, 2017 (the "13221 Copyright"). The Copyright Registration Certificate, along with a copy of Design 13221 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 28.

142.    The copyright in Design 13221 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

143.    Zelouf thereafter independently created the design entitled "P3347" – a derivative work of Zelouf Design 13221 (hereinafter "Design P3347") with minimal variations. Images of Zelouf Designs 13221 and P3347 are set forth below:

  

**Zelouf Design 13221**          **Zelouf Design P3347**

144.    ZG Apparel ordered samples of fabric bearing Design P3347 from Zelouf, as memorialized in Sales Order No. 344761 dated June 6, 2024, and Sales Order No. 344961 dated June 10, 2024, true and correct copies of which are attached as Exhibit 29.

145.    Accordingly, ZG Apparel had access to Designs P3347 through its receipt of the fabric samples.

146.    ZG Apparel never ordered Designs P3347 or 13221 from Zelouf.

147.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P3347 and to Design 13221 ("Infringing Design 11"). Infringing Design 11 was sold at least through Nordstrom, from which it was shipped to New York. An archived screen capture of the infringing listing is annexed hereto as Exhibit 30.

148.    On at least the Nordstrom website, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to Design P3347, as shown below:

| Zelouf Copyrighted Design 13221 | Zelouf Design P3347 | ZG Apparel Infringing Design 11 (As Shown on Nordstrom's Website) |
|---|---|---|
|  |  |  |

149.    Upon information and belief, the garment shown in the image of Infringing Design 11 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order Nos. 344761 and 344961 (Exhibit 29 above).

150.    Following ZG Apparel's access to P3347, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 11 (which is substantially similar to P3347), all without Zelouf's authorization.

151.    ZG Apparel's shipment of Infringing Design 11 in place of fabric identical to Zelouf's Design P3347, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 11 is substantially similar to P3347 (and thus to 13221).

152.    As of the date of this Complaint, Infringing Design 11 is still available at

Nordstrom. *See* https://www.nordstrom.com/s/floral-border-print-cotton-sundress/8259125.

**Infringing Design 12: Copyrighted Design A0352**

153.    Zelouf Design A0352 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

154.    Design A0352 was duly registered for copyright protection in the United States Copyright Office with the Title "A0352" under Registration Number VAu 1-530-153 issued on April 15, 2024 (the "A0352 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0352 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 31.

155.    The copyright in Design A0352 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

156.    Zelouf thereafter independently created the design entitled "P3054" – a derivative work of Zelouf Design A0352 (hereinafter "Design P3054") with minimal variations. Images of Zelouf Designs A0352 and P3054 are set forth below:






**Zelouf Design A0352**                    **Zelouf Design P3054**

157.    On or about June 4, 2024, ZG Apparel ordered samples of fabric bearing Design P3054 from Zelouf, as memorialized in Sales Order No. 344579, a true and correct copy of which is attached as Exhibit 32.

158.    Accordingly, ZG Apparel had access to Design P3054 through its receipt of the fabric samples.

159.    ZG Apparel never ordered Design P3054 or A0352 from Zelouf.

160.    However, ZG Apparel's Julia Jordan line included a dress, whose fabric is substantially similar to the fabric sample bearing Design P3054 and to Design A0352 ("Infringing Design 12"). Infringing Design 12 was sold at least through Marshalls, Nordstrom and Belk, from which, upon information and belief, it was shipped to New York. An archived screen capture of the infringing listing is annexed hereto as Exhibit 33.

161.    On at least the Nordstrom and Belk websites, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to Design P3054, as shown below:

36

**Zelouf Copyrighted
Design A0352**

**Zelouf Design P3054**

**ZG Apparel Infringing Design 12
(As Shown on the Nordstrom
Website)**





162.    Upon information and belief, the garment shown in the image of Infringing

Design 12 above was manufactured from the fabric purchased from Zelouf as memorialized in

Sales Order No. 344579 (Exhibit 32 above).

163.    Following ZG Apparel's access to P3054, upon information and belief, ZG

Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing

Design 12 (which is substantially similar to P3054), all without Zelouf's authorization.

164.    ZG Apparel's shipment of Infringing Design 12 in place of fabric identical

to Zelouf's Design P3054, as shown in the online listings of certain of its retailers, constitutes an

admission by ZG Apparel that Infringing Design 12 is substantially similar to P3054 (and thus to

A0352 as well).

165.    As of the date of this Complaint, Infringing Design 12 is still available at

Marshalls, Nordstrom, and Belk. *See* https://www.marshalls.com/us/store/jump/product/One-

Shoulder-Floral-Jacquard-Dress/4000312807; https://www.nordstrom.com/s/julia-jordan-floral-one-shoulder-cocktail-midi-dress/7994373?origin=category-personalizedsort&breadcrumb=Home%2FWomen%2FClothing%2FDresses&color=900;

https://www.belk.com/p/julia-jordan-one-shoulder-a-line-dress/1501407JJ40745.html.

**Infringing Design 13: Copyrighted Design A0357**

166.    Zelouf Design A0357 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

167.    Design A0357 was duly registered for copyright protection in the United States Copyright Office with the Title "A0357" under Registration Number VAu 1-530-154 issued on April 15, 2024 (the "A0357 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0357 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 34.

168.    The copyright in Design A0357 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

169.    Zelouf thereafter independently created the design entitled "P3024" – a derivative work of Zelouf Design A0357 (hereinafter "Design P3024") with minimal variations. Images of Zelouf Designs A0357 and P3024 are set forth below:





**Zelouf Design A0357**            **Zelouf Design P3024**

170.    On or about March 26, 2024, ZG Apparel ordered samples of fabric bearing Design P3024 from Zelouf, as memorialized in Sales Order No. 338940, a true and correct copy of which is attached hereto as Exhibit 35.

171.    Accordingly, ZG Apparel had access to Design P3024 through its receipt of the fabric samples.

172.    ZG Apparel never ordered Design P3024 or A0357 from Zelouf.

173.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P3024 and to Design A0357 ("Infringing Design 13"). Infringing Design 13 was sold at least through Nordstrom, from which it was shipped to New York. An archived screen capture of the infringing listing is annexed hereto as Exhibit 36.

174.    At least on the Nordstrom website, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to Design P3024, as set forth below:

**Zelouf Copyrighted Design A0357**

**Zelouf Design P3024**

**ZG Apparel Infringing Design 13 (As Shown on Nordstrom's Website)**









**Close-Up Photo of Infringing Design 13**

175.    Upon information and belief, the garment shown in the image of Infringing Design 13 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order No. 338940 (Exhibit 35 above).

176.    Following ZG Apparel's access to P3024, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing

Design 13 (which is substantially similar to P3024), all without Zelouf's authorization.

177.    ZG Apparel's shipment of Infringing Design 13 in place of fabric identical to Zelouf's Design P3024, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 13 is substantially similar to P3024 (and thus to A0357 as well).

178.    As of the date of this Complaint, Infringing Design 13 is still available at Nordstrom. *See* https://www.nordstromrack.com/s/julia-jordan-ruffle-tie-waist-dress/8268311.

**Infringing Design 14: Copyrighted Design A0322**

179.    Zelouf Design A0322 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

180.    Design A0322 was duly registered for copyright protection in the United States Copyright Office with the Title "A0322" under Registration Number VAu 1-514-497 issued on November 6, 2023 (the "A0322 Copyright"). The Copyright Registration Certificate, along with a copy of Design A0322 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 37.

181.    The copyright in Design A0322 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

182.    Zelouf thereafter independently created the design entitled "P2749" – a derivate work of Design A0322 (hereinafter "Design P2749") with minimal variations. Images of Zelouf Designs A0322 and P2749 are set forth below:

            

**Zelouf Design A0322**              **Zelouf Design P2749**

183.    On or about March 6, 2024, March 8, 2024, and April 10, 2024, ZG Apparel ordered samples of fabric bearing Design P2749 from Zelouf, as memorialized in Sales Order Nos. 337048, 337290 and 340110, respectively, true and correct copies which are attached hereto as Exhibit 38.

184.    Accordingly, ZG Apparel had access to Zelouf Design P2749 through its receipt of the fabric samples.

185.    ZG Apparel never ordered Designs P2749 or A0322 from Zelouf.

186.    However, ZG Apparel's Julia Jordan line included a dress whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P2749 ("Infringing Design 14"). Infringing Design 14 was sold at least through Belk and Macy's, from which, upon information and belief, it was shipped to New York. Archived screen captures of the infringing listings are annexed hereto as Exhibit 39.

187.    In at least certain instances, the image of the fabric offered for sale online by ZG Apparel's retailers was identical to Design P2749, as shown below:

| **Zelouf Copyrighted Design A0322** | **Zelouf Design P2749** | **ZG Apparel Infringing Design 14 (As Shown on Macy's Website)** |
|---|---|---|

  

188.    Upon information and belief, the fabric shown in the image of Infringing Design 14 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order Nos. 337048, 337290, and 340110 (Exhibit 38 above).

189.    Following ZG Apparel's access to Design P2749, upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 14 (which is substantially similar to Designs P2749 and A0322), all without Zelouf's authorization.

190.    ZG Apparel's shipment of Infringing Design 14 in place of fabric identical to Zelouf Design P2749, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 14 is substantially similar to P2749 (and thus to A0322 as well).

191.    As of the date of this Complaint, Infringing Design 14 is still available at Belk    and    Macy's.    *See*    https://www.belk.com/p/julia-jordan-womens-

dresses/1501363JJ40708.html;        https://www.macys.com/shop/product/julia-jordan-womens-pleated-floral-print-halter-maxi-dress?ID=20999262.

**Infringing Designs 15 & 16: Copyrighted Design P2024**

192.    Zelouf Design P2024 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

193.    Design P2024 was duly registered for copyright protection in the United States Copyright Office with the Title "P2024" under Registration Number VA 2-442-281 issued on April 18, 2025 (the "P2024 Copyright"). The Copyright Registration Certificate, along with a copy of Design P2024 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 40.

194.    The copyright in Design P2024 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

195.    On or about May 12, 2023, May 15, 2023, July 20, 2023, July 26, 2023 and March 26, 2024, ZG Apparel ordered samples of fabric bearing Design P2024 from Zelouf, as memorialized in Invoice Nos. 478901, 478690, 483542, 483966 and 502398, true and correct copies of which are attached hereto as Exhibit 41.

196.    Additionally, in or around March 2024, ZG Apparel communicated with Wendy Gilmartin, Zelouf's print designer, to request several layout changes to Design P2024. Zelouf subsequently sent ZG Apparel the electronic file of the artwork for Design P2024 through WeTransfer, which effectively allowed ZG Apparel to access and digitally change, reproduce and develop the artwork for Design P2024. A copy of the WeTransfer correspondence is annexed hereto as Exhibit 42.

197.    Accordingly, ZG Apparel had access to Design P2024 through its receipt of

45

fabric samples and digital artwork files.

198.     Further, in or around May 2024, Shen Zhang, Senior Designer of the Julia Jordan and Donna Ricco lines at ZG Apparel, requested layout changes from Zelouf to a version of P2024 in a blue colorway, called "Design P3334."  Zelouf subsequently sent ZG Apparel the file of the artwork for Design P3334 through WeTransfer, which effectively allowed ZG Apparel to access and digitally change, reproduce and develop the artwork for Design P3334. A copy of the WeTransfer correspondence is annexed hereto as Exhibit 43.

199.     Accordingly, ZG Apparel had access to Design P3334 (virtually identical to P2024 but for the colorway) through its receipt of the file of the artwork.

200.     ZG Apparel never ordered Designs P2024 or P3334 from Zelouf.

201.     However, upon information and belief, after gaining access to Designs P2024 and P3334 from Zelouf, ZG Apparel manufactured, sold and distributed two separate dresses that are substantially similar to copyrighted Design P2024 without authorization from Zelouf ("Infringing Design 15" and "Infringing Design 16").

202.     Images of Design P2024, Design P3334, and Infringing Designs 15 and 16 are set forth below:

**Zelouf Copyrighted Design P2024**

**ZG Apparel Infringing Design 15 (As Shown on JCPenney's Website)**





**Zelouf Copyrighted Design P3334**

**ZG Apparel Infringing Design 16 (As Shown on Macy's Website)**





203.    Infringing Design 15 was sold at least through JCPenney and Marshalls, from which it was shipped to New York.

204.    Infringing Design 16 was sold at least through Belk, Macys, Marshalls, Nordstrom Rack, and RueLaLa, from which, upon information and belief, it was shipped to New York.  Archived screen captures of the infringing listings are annexed hereto as Exhibit 44.

205.    As of the date of this Complaint, Infringing Design 15 is still available at JCPenney and Marshalls. *See* https://www.jcpenney.com/p/studio-1-womens-sleeveless-floral-midi-fit-flare-dress/ppr5008490727?pTmplType=regular;

https://www.marshalls.com/us/store/jump/product/women-women-clothing-dresses/new-arrivals/Floral-Print-Dress/4000368249?colorId=NS4761106&pos=3:33&N=842114098+1499979199.

206.    As of the date of this Complaint, Infringing Design 16 is still available at Belk    and    Nordstrom.    *See*    https://www.belk.com/p/donna-ricco-womens-dresses/1501363DR53110.html?dwvar_1501363DR53110_color=488465997488&dwvar_1501363DR53110_color=488465997488&dwvar_1501363DR53110_color=488465997488;

https://www.nordstromrack.com/s/donna-ricco-floral-sleeveless-midi-sweater-dress/8340229?origin=category-personalizedsort&breadcrumb=Home%2FWomen%2FClothing%2FDresses&color=488.

**Infringing Design 17: Copyrighted Design P2307**

207.    Zelouf Design P2307 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

208.    Design P2307 was duly registered for copyright protection in the United States Copyright Office with the Title "P2307" under Registration Number VA 2-442-140 issued on April 6, 2025 (the "P2307 Copyright"). The Copyright Registration Certificate, along with a copy of Design P2307 submitted as a specimen to the Copyright Office, are collectively annexed

hereto as Exhibit 45.

209.    The copyright in Design P2307 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

210.    On or about April 11, 2024, Ceazar Cabreros, Creative Director of the Julia Jordan and Donna Ricco lines at ZG Apparel contacted Ms. Gilmartin at Zelouf to request computer-aided design files ("encads") of certain designs including Design P2307. A copy of this email is annexed hereto as Exhibit 46.

211.    On or about April 17, 2024, ZG Apparel ordered samples of fabric bearing Design P2307 from Zelouf, as memorialized in Sales Order No. 340733, a true and correct copy of which is attached hereto as Exhibit 47.

212.    In or around July 2024, Edyn Dabas, Assistant Designer of the Julia Jordan and Donna Ricco lines at ZG Apparel, reached out to Zelouf for additional information about the fabric ZG Apparel sampled from Zelouf for its Spring 2025 season orders, including the fabric for Design P2307. A copy of this email exchange is annexed hereto as Exhibit 48.

213.    Accordingly, ZG Apparel had access to Design P2307 through its receipt of the fabric samples and encads.

214.    ZG Apparel never ordered Design P2307 from Zelouf.

215.    However, ZG Apparel's Donna Ricco line included a dress whose fabric is nearly identical, and in any event substantially similar, to Design P2307 ("Infringing Design 17"). Infringing Design 17 was sold at least through Belk, Macy's, Marshalls, RueLaLa and T.J. Maxx, from which, upon information and belief, it was shipped to New York. Archived screen captures of the infringing listings are annexed hereto as Exhibit 49.

216.    In at least certain instances, the image of the fabric offered for sale online

by ZG Apparel's retailers was <u>identical</u> to sampled Design P2307, as shown below:

| **Zelouf Copyrighted Design P2307** | **ZG Apparel Infringing Design 17 (As Shown on Macy's Website)** |
|:---:|:---:|
|  |  |

217.    Upon information and belief, the fabric shown in the image of Infringing Design 17 above was manufactured from the fabric purchased from Zelouf as memorialized in Sales Order No. 340733 (Exhibit 47 above).

218.    Following ZG Apparel's access to P2307 upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 17 (which is substantially similar to P2307), all without Zelouf's authorization.

219.    ZG Apparel's shipment of Infringing Design 17 in place of fabric identical to Zelouf's Design P2307, as shown in the online listings of certain of its retailers, constitutes an admission by ZG Apparel that Infringing Design 17 is substantially similar to P2307.

220.    As of the date of this Complaint, Infringing Design 17 is still available at Belk and Macy's. *See* https://www.belk.com/p/donna-ricco-womens-dresses/1501363DR53123.html?dwvar_1501363DR53123_color=473466000011;

https://www.macys.com/shop/product/donna-ricco-womens-floral-print-a-line-dress?ID=21043125.

**Infringing Design 18: Copyrighted Design P1853**

221.    Zelouf Design P1853 contains original material that is copyrightable subject matter pursuant to U.S. copyright law.

222.    Design P1853 was duly registered for copyright protection in the United States Copyright Office with the Title "P1853" under Registration Number VA 2-451-134 issued on July 2, 2025 (the "P1853 Copyright"). The Copyright Registration Certificate, along with a copy of Design P1853 submitted as a specimen to the Copyright Office, are collectively annexed hereto as Exhibit 50.

223.    The copyright in Design P1853 is presently valid and subsisting, and Zelouf is the sole owner and proprietor of all right, title and interest in and to this copyright.

224.    One or about April 10, 2023, March 6, 2024, March 8, 2024, and May 20, 2024, ZG Apparel ordered samples of fabric bearing Design P1853 in various colorways from Zelouf, as memorialized in Sales Order No. 318288, 337048, 337290, and 343419, true and correct copies of which are attached hereto as Exhibit 51.

225.    Accordingly, ZG Apparel had access to Design P1853 through its receipt of the fabric samples.

226.    ZG Apparel never ordered Design P1853 from Zelouf.

227.    However, ZG Apparel's Julia Jordan line included a dress, whose fabric is nearly identical, and in any event substantially similar, to the fabric sample bearing Design P1853 ("Infringing Design 18"). Infringing Design 18 was sold at least through T.J. Maxx, from which it was shipped to New York. An archived screen capture of the infringing listing is annexed hereto

as Exhibit 52.

228.    Zelouf Copyrighted Design P1853 (as modified to be in the ZG Apparel colorway) and ZG Apparel Infringing Design 18 are shown below:

| Zelouf Copyrighted Design P1853 (Modified to be in ZG Apparel Colorway) | ZG Apparel Infringing Design 18 (As Shown on T.J. Maxx's Website) |
|---|---|
|  |  |

229.    Following ZG Apparel's access to P1853 upon information and belief, ZG Apparel commissioned the manufacture of, then distributed and sold, garments bearing Infringing Design 18 (which is substantially similar to P1853), all without Zelouf's authorization.

## FIRST CAUSE OF ACTION
### (Copyright Infringement – Design A0194 – Against ZG Apparel, Macy's, TJX)

230.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "229" of the Complaint set forth above as if more fully set forth herein.

231.    Defendants infringed Zelouf's copyright in Design A0194 by copying, reproducing, printing and/or purchasing, assisting in copying, reproducing, printing and/or

purchasing, and/or selling and offering for sale apparel products bearing a design copied or reproduced from Design A0194 and substantially similar to Design A0194.

232.    The use, display and distribution of a design substantially similar to Design A0194 without Zelouf's authorization constitutes copyright infringement.

233.    Defendants have proceeded without the permission, license or consent of Zelouf.

234.    Defendants' actions constitute infringement of Design A0194 in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

235.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0194.

236.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0194 and thus willfully infringed Zelouf's design and profited thereby.

237.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0194 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits, or the statutory damages provided by the Copyright Act.

238.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0194 and its gross income and profits derived therefrom.

239.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

240.    Additionally, Zelouf has suffered and is continuing to suffer irreparable

harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0194 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 1 or any design copied or reproduced from, and substantially similar thereto.

## SECOND CAUSE OF ACTION
### (Copyright Infringement – Design P3328 – Against ZG Apparel, Macy's)

241.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "240" of the Complaint set forth above as if more fully set forth herein.

242.    Defendants infringed Zelouf's copyright in Design P3328 by copying, reproducing, printing and/or purchasing, assisting in copying, reproducing, printing and/or purchasing, and/or selling and offering for sale apparel products bearing a design identical to, or copied or reproduced from Design P3328 and substantially similar to Design P3328.

243.    The copying and display of a design identical to Design P3328 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

244.    Defendants have proceeded without the permission, license or consent of Zelouf.

245.    Defendants' actions constitute infringement of Design P3328 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

246.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P3328.

247.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's

copyright in Design P3328 and thus willfully infringed Zelouf's design and profited thereby.

248.     The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P3328 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.

249.     Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design P3328 and its gross income and profits derived therefrom.

250.     Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P3328 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 2 or any design copied or reproduced from and substantially similar thereto.

### THIRD CAUSE OF ACTION
**(Copyright Infringement – Design 24803 – Against ZG Apparel, Macy's, TJX)**

251.     Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "250" of the Complaint set forth above as if more fully set forth herein.

252.     Defendants infringed Zelouf's copyright in Design 24803 by copying, reproducing, printing and/or purchasing, selling and offering for sale and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design 24803 and substantially similar to Design

24803.

253.    The copying and display of a design identical to Design 24803 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

254.    Defendants have proceeded without the permission, license or consent of Zelouf.

255.    Defendants' actions constitute infringement of Design 24803 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

256.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design 24803.

257.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design 24803 and thus willfully infringed Zelouf's design and profited thereby.

258.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design 24803 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

259.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design 24803 and its gross income and profits derived therefrom.

260.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

261.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at

law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design 24803 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 3 or any design copied or reproduced from, and substantially similar thereto.

### FOURTH CAUSE OF ACTION
**(Copyright Infringement – Design P0554 – Against ZG Apparel, Macy's, Nordstrom)**

262.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "261" of the Complaint set forth above as if more fully set forth herein.

263.    Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design P0554 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design P0554 and substantially similar to Design P0554.

264.    The copying and display of a design identical to Design P0554 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

265.    Defendants have proceeded without the permission, license or consent of Zelouf.

266.    Defendants' actions constitute infringement of Design P0554 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

267.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P0554.

268.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's

copyright in Design P0554 and thus willfully infringed Zelouf's design and profited thereby.

269.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P0554 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

270.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interests in Design P0554 and its gross income and profits derived therefrom.

271.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

272.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P0554 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 4 or any design copied or reproduced from, and substantially similar thereto.

**FIFTH CAUSE OF ACTION**
**(Copyright Infringement – Design A0098 – Against ZG Apparel, Nordstrom)**

273.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "272" of the Complaint set forth above as if more fully set forth herein.

274.    Commencing at some unknown date and continuing up to the present time,

Defendants infringed Zelouf's copyright in Design A0098 by copying, reproducing, printing and/or purchasing, selling and offering for sale and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0098 and substantially similar to Design A0098.

275.    The copying and display of a design identical to Design A0098 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

276.    Defendants have proceeded without the permission, license or consent of Zelouf.

277.    Defendants' actions constitute infringement of Design A0098 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

278.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0098.

279.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0098 and thus willfully infringed Zelouf's design and profited thereby.

280.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0098 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

281.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0098 and its gross income and profits derived therefrom.

282. Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

283. Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0098 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 5 or any design copied or reproduced from, and substantially similar thereto.

**SIXTH CAUSE OF ACTION**
**(Copyright Infringement – Design 27128 – Against ZG Apparel, Belk, Macy's)**

284. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "283" of the Complaint set forth above as if more fully set forth herein.

285. Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design 27128 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design 27128 and substantially similar to Design 27128.

286. The copying and display of a design identical to Design 27128 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

287. Defendants have proceeded without the permission, license or consent of Zelouf.

288. Defendants' actions constitute infringement of Design 27128 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

60

289.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design 27128.

290.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design 27128 and thus willfully infringed Zelouf's design and profited thereby.

291.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design 27128 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

292.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interests in Design 27128 and its gross income and profits derived therefrom.

293.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

294.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design 27128 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 6 or any design copied or reproduced from, and substantially similar thereto.

## SEVENTH CAUSE OF ACTION
### (Copyright Infringement – Design A0320 – Against ZG Apparel, Belk, Macy's, Nordstrom)

295.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "294" of the Complaint set forth above as if more fully set forth herein.

296.    Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design A0320 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0320 and substantially similar to Design A0320.

297.    The copying and display of a design identical to Design A0320 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

298.    Defendants have proceeded without the permission, license or consent of Zelouf.

299.    Defendants' actions constitute infringement of Design A0320 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

300.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0320.

301.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0320 and thus willfully infringed Zelouf's design and profited thereby.

302.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0320 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits

or the statutory damages provided by the Copyright Act.

303.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0320 and its gross income and profits derived therefrom.

304.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

305.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0320 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Designs 7 and 8 or any design copied or reproduced from, and substantially similar thereto.

## EIGHTH CAUSE OF ACTION
### (Copyright Infringement – Design A0196 – Against ZG Apparel, Belk, Macy's, Nordstrom)

306.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "305" of the Complaint set forth above as if more fully set forth herein.

307.    Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design A0196 by copying, reproducing, printing and/or purchasing, selling and offering for sale and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0196 and substantially similar to Design A0196.

308.    The copying and display of a design identical to Design A0196 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

309.    Defendants have proceeded without the permission, license or consent of Zelouf.

310.    Defendants' actions constitute infringement of Design A0196 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

311.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0196.

312.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0196 and thus willfully infringed Zelouf's design and profited thereby.

313.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0196 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

314.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0196 and its gross income and profits derived therefrom.

315.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

316.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments

bearing Zelouf Design A0196 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 9 or any design copied or reproduced from, and substantially similar thereto.

### NINTH CAUSE OF ACTION
**(Copyright Infringement – Designs A0236 & P1950 – Against ZG Apparel, Belk, Macy's)**

317.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "316" of the Complaint set forth above as if more fully set forth herein.

318.    Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Designs A0236 & P1950 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Designs A0236 & P1950 and substantially similar to Designs A0236 & P1950.

319.    The copying and display of a design identical to Designs A0236 and P1950 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

320.    Defendants have proceeded without the permission, license or consent of Zelouf.

321.    Defendants' actions constitute infringement of Designs A0236 & P1950 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

322.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Designs A0236 & P1950.

323.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyrights in Designs A0236 & P1950 and thus willfully infringed Zelouf's designs and profited thereby.

324.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Designs A0236 & P1950 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

325.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interests in Designs A0236 & P1950 and its gross income and profits derived therefrom.

326.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

327.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Designs A0236 & P1950 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 10 or any design copied or reproduced from, and substantially similar thereto.

## TENTH CAUSE OF ACTION
### (Copyright Infringement – Design 13221 – Against ZG Apparel, Nordstrom)

328.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "327" of the Complaint set forth above as if more fully set forth herein.

329.    Commencing at some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Designs 13221 by copying, reproducing, printing

and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design 13221 and substantially similar to Design 13221.

330.    The copying and display of a design identical to Design 13211 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

331.    Defendants have proceeded without the permission, license or consent of Zelouf.

332.    Defendants' actions constitute infringement of Design 13221 in violation of the Copyright Act, 17 U.S.C §§ 101, et *seq.*

333.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design 13221.

334.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design 13221, and thus willfully infringed Zelouf's design and profited thereby.

335.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design 13221 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

336.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design 13221 and its gross income and profits derived therefrom.

337.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

338.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design 13221 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 11 or any design copied or reproduced from, and substantially similar thereto.

## ELEVENTH CAUSE OF ACTION
### (Copyright Infringement – Design A0352 – Against ZG Apparel, Marshalls)

339.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "338" of the Complaint set forth above as if more fully set forth herein.

340.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design A0352 by copying, reproducing, printing and/or purchasing, selling and offering for sale and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0352 and substantially similar to Design A0352.

341.    The display and distribution of a design substantially similar to Design A0352 constitutes copyright infringement.

342.    Defendants have proceeded without the permission, license or consent of Zelouf.

343.    Defendants' actions constitute infringement of Design A0352 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

344.    Defendants have realized gains, profits and advantages as a direct result of

their infringement of Zelouf's copyright in Design A0352.

345.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0352 and thus willfully infringed Zelouf's design and profited thereby.

346.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0352 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

347.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0352 and its gross income and profits derived therefrom.

348.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

349.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0352 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 12 or any design copied or reproduced from, and substantially similar thereto.

**TWELFTH CAUSE OF ACTION**
**(Copyright Infringement – Design A0357 – Against ZG Apparel, Nordstrom)**

350.    Plaintiff repeats and realleges the allegations contained in paragraphs "1"

69

through "349" of the Complaint set forth above as if more fully set forth herein.

351.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design A0357 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0357 and substantially similar to Design A0357.

352.    The copying and display of a design identical to Design 24803 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

353.    Defendants have proceeded without the permission, license or consent of Zelouf.

354.    Defendants' actions constitute infringement of Design A0357 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

355.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0357.

356.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0357 and thus willfully infringed Zelouf's design and profited thereby.

357.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design A0357 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

358.    Zelouf further demands an accounting by each Defendant of its activities in

connection with its infringement of Zelouf's copyright interest in Design A0357 and its gross income and profits derived therefrom.

359.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

360.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0357 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 13 or any design copied or reproduced from, and substantially similar thereto.

## THIRTEENTH CAUSE OF ACTION
### (Copyright Infringement – Design A0322 – Against ZG Apparel, Belk, Macy's)

361.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "360" of the Complaint set forth above as if more fully set forth herein.

362.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design A0332 by copying, reproducing, printing and/or purchasing, selling and offering for sale and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design A0332 and substantially similar to Design A0332.

363.    The copying and display of a design identical to Design A0332 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

364.    Defendants have proceeded without the permission, license or consent of Zelouf.

365.    Defendants' actions constitute infringement of Design A0332 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

366.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design A0332.

367.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design A0332 and thus willfully infringed Zelouf's design and profited thereby.

368.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright interest in Design A0332 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

369.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design A0332 and its gross income and profits derived therefrom.

370.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

371.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design A0332 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design

14 or any design copied or reproduced from, and substantially similar thereto.

## FOURTEENTH CAUSE OF ACTION
### (Copyright Infringement – Design P2024 – Against ZG Apparel, JCPenney, TJX)

372.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "371" of the Complaint set forth above as if more fully set forth herein.

373.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design P2024 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design copied or reproduced from Design P2024 and substantially similar to Design P2024.

374.    The display and distribution of a design substantially similar to Design P2024 constitutes copyright infringement.

375.    Defendants have proceeded without the permission, license or consent of Zelouf.

376.    Defendants' actions constitute infringement of Design P2024 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

377.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P2024.

378.    Zelouf has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law.

379.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design P2024 and thus willfully infringed Zelouf's design and profited thereby.

380.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P2024 by Defendants is not presently ascertainable, and

the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.

381.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design P2024 and its gross income and profits derived therefrom.

382.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P2024 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 15 or any design copied or reproduced from, and substantially similar thereto.

## FIFTEENTH CAUSE OF ACTION
**(Copyright Infringement – Design P2024 – Against ZG Apparel, Belk, Macy's, Nordstrom, RueLaLa, TJX)**

383.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "382" of the Complaint set forth above as if more fully set forth herein.

384.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design P2024 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design copied or reproduced from Design P2024 and substantially similar to Design P2024.

385.    The display and distribution of a design substantially similar to Design

P2024 constitutes copyright infringement.

386.    Defendants have proceeded without the permission, license or consent of Zelouf.

387.    Defendants' actions constitute infringement of Design P2024 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

388.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P2024.

389.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design P2024 and thus willfully infringed Zelouf's design and profited thereby.

390.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P2024 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.  Thus, in accordance with 17 U.S.C. § 504, Zelouf will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

391.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design P2024 and its gross income and profits derived therefrom.

392.    Finally, Zelouf demands its attorneys' fees pursuant to 17 U.S.C. § 505.

393.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active

concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P2024 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 16 or any design copied or reproduced from, and substantially similar thereto.

## SIXTEENTH CAUSE OF ACTION
### (Copyright Infringement – Design P2307 – Against ZG Apparel, Belk, Macy's, RueLaLa, TJX)

394.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "393" of the Complaint set forth above as if more fully set forth herein.

395.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design P2307 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel products bearing a design identical to or copied or reproduced from Design P2307 and substantially similar to Design P2307.

396.    The copying and display of a design identical to Design P2307 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

397.    Defendants have proceeded without the permission, license or consent of Zelouf.

398.    Defendants' actions constitute infringement of Design P2307 in violation of the Copyright Act, 17 U.S.C §§ 101, *et seq.*

399.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P2307.

400.    Zelouf has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law.

401.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design P2307 and thus willfully infringed Zelouf's design and profited thereby.

402.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P2307 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.

403.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interests in Design P2307 and its gross income and profits derived therefrom.

404.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P2307 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 17 or any design copied or reproduced from, and substantially similar thereto.

### SEVENTEENTH CAUSE OF ACTION
**(Copyright Infringement – Design P1853 – Against ZG Apparel, TJX)**

405.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "404" of the Complaint set forth above as if more fully set forth herein.

406.    Commencing some unknown date and continuing up to the present time, Defendants infringed Zelouf's copyright in Design P1853 by copying, reproducing, printing and/or assisting in copying, reproducing, printing and/or purchasing, selling and offering for sale apparel

products bearing a design identical to or copied or reproduced from Design P1853 and substantially similar to Design P1853.

407.    The copying and display of a design identical to Design P1853 constitutes copyright infringement, as does the display and distribution of a substantially similar design.

408.    Defendants have proceeded without the permission, license or consent of Zelouf.

409.    Defendants' actions constitute infringement of Design P1853 in violation of the Copyright Act, 17 U.S.C §§ 101, et *seq.*

410.    Defendants have realized gains, profits and advantages as a direct result of their infringement of Zelouf's copyright in Design P1853.

411.    Zelouf has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at law.

412.    In addition, upon information and belief, ZG Apparel was aware of Zelouf's copyright in Design P1853 and thus willfully infringed Zelouf's design and profited thereby.

413.    The exact amount of damages suffered by Zelouf resulting from the infringement of its copyright in Design P1853 by Defendants is not presently ascertainable, and the profits which Defendants have realized by reason of said infringement are not presently known to Zelouf.

414.    Zelouf further demands an accounting by each Defendant of its activities in connection with its infringement of Zelouf's copyright interest in Design P1853 and its gross income and profits derived therefrom.

415.    Additionally, Zelouf has suffered and is continuing to suffer irreparable harm and injury as a result of the aforesaid acts of Defendants and is without adequate remedy at

law, and thus requests a preliminary and permanent injunction enjoining Defendants and each of their subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, from copying, displaying or distributing fabric or garments bearing Zelouf Design P1853 or any design substantially similar thereto, and from using, displaying, selling, offering for sale, or distributing fabric or garments bearing Infringing Design 18 or any design copied or reproduced from, and substantially similar thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zelouf International Corp. respectfully prays for judgment against Defendants as follows:

a. For Defendant ZG Apparel to be adjudged to have infringed Zelouf's copyrights in its Designs A0194, P3328, 24803, P0554, A0098, 27128, A0320, A0196, A0236, P1950, 13221, A0352, A0357, A0322, P2024, P2307, and P1853;

b. For Defendant Belk to be adjudged to have infringed Zelouf's copyrights in its Designs 27128, A0320, A0196, A0236, P1950, A0322, P2024, and P2307;

c. For Defendant JCPenney to be adjudged to have infringed Zelouf's copyright interest in Design P2024;

d. For Defendant Macy's to be adjudged to have infringed Zelouf's copyrights in Designs A0194, P3328, 24803, P0554, 27128, A0320, A0196, A0236, P1950, A0322, P2024, and P2307;

e. For Defendant Nordstrom to be adjudged to have infringed Zelouf's copyrights in Designs P0554, A0098, A0320, A0196, 13221, A0357, and P2024.

f. For Defendant RueLaLa to be adjudged to have infringed Zelouf's copyrights in Designs P2024, and P2307.

g. For Defendant TJX to be adjudged to have infringed Zelouf's copyrights in Designs A0194, 24803, A0352, P2024, P2307, and P1853.

h. For Defendant ZG Apparel, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs A0194, P3328, 24803, P0554, A0098, 27128, A0320, A0196, A0236, P1950, 13221, A0352, A0357, A0322, P2024, P2307, and P1853 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 1-18 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs A0194, P3328, 24803, P0554, A0098, A0250, 27128, A0320, A0196, A0236, P1950, 13221, A0352, A0357, A0322, P2024, A0023, P2307, and P1853;

i. For Defendant Belk, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs A0250, 27128, A0320, A0196, A0236, P1950, 13221, A0322, P2024, A0023, and P2307 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 6, 7, 9, 10, 14, 16, and 17 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs A0250, 27128, A0320, A0196, A0236, P1950, 13221, A0322, P2024, A0023, and P2307;

j. For Defendant JCPenney, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be

permanently enjoined and restrained from infringing copyrighted Design P2024 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 15 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Design P2024;

k.  For Defendant Macy's, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs A0194, P3328, 24803, P0554, A0250, 27128, A0320, A0196, A0236, P1950, A0322, P2024, A0023, and P2307 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 1, 2, 3, 4, 6, 7, 9, 10, 14, 16, and 17 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs A0194, P3328, 24803, P0554, A0250, 27128, A0320, A0196, A0236, P1950, A0322, P2024, A0023, and P2307;

l.  For Defendant Nordstrom, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs P0554, A0098, A0320, A0196, 13221, A0357, and P2024 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 4, 5, 8, 9, 11, 13, and 16 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs P0554, A0098, A0320, A0196, 13221, A0357, and P2024;

m.  For Defendant RueLaLa, and each of its subsidiaries, partners, members, officers, agents,

servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs P2024, A0023, and P2307 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 16 and 17 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs P2024, A0023, and P2307.

n.  For Defendant TJX, and each of its subsidiaries, partners, members, officers, agents, servants, employees, and those in active concert or participation with them, to be permanently enjoined and restrained from infringing copyrighted Designs A0194, 24803, A0352, P2024, A0023, P2307, and P1853 in any manner, including but not limited to causing to be manufactured, manufacturing, promoting, importing, selling, distributing or marketing Infringing Designs 1, 3, 12, 15,  16, 17, and 18 or any other fabric or product bearing a design that is identical or substantially similar to Zelouf's Copyrighted Designs A0194, 24803, A0352, P2024, A0023, P2307, and P1853.

o.  For Defendants to be required to pay to Zelouf, at Zelouf's election before the entry of final judgment, either (i) such damages that Zelouf has sustained in consequence of Defendants' infringement of said copyright and Zelouf's rights therein, as well as all the gains, profits and advantages derived by Defendants from said acts of infringement, or (ii) such statutory damages that the Court shall deem just and proper under the provisions of the Copyright Act for Designs A0194, 24803, P0554, A0098, 27128, A0320, A0196, A0236, P1950, 13221, A0352, A0357, A0322 and P2024;

p.  For Defendant ZG Apparel to recall from all recipients (including but not limited to the applicable Retailer Defendants) and deliver to Zelouf for destruction, all fabric, garments

or products which infringe Zelouf's Designs A0194, 24803, P0554, A0098, A0250, 27128, A0320, A0196, A0236, P1950, 13221, A0352, A0357, A0322, P2024, A0023, P2307, and P1853 together with all fabric, screens, plates, samples, line sheets and other materials used in preparing, marketing or selling infringing fabric, garments or products in the possession or under the control of Defendants or any of their agents, servants, employees, attorneys or other persons in privity, concert or participation with it;

q.  For Defendants to pay to Zelouf the costs of this action, including attorneys' fees and costs;

r.  For such other and further relief as this Court deems just and proper.


Dated: New York, New York
       August 15, 2025


                    PRYOR CASHMAN LLP


             By: */s/ Michael G. Goldberg*
                 Michael G. Goldberg
                 Felicity S. Kohn
                 Abla S. Belhachmi
                 7 Times Square
                 New York, New York 10036
                 Tel: (212) 421-4100
                 Fax: (212) 326-0806

                 *Attorneys for Plaintiff Zelouf International Corp.*